**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TUWANNA THOMPSON, an individual, | No. 20-55955 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05690-RSWL-AS |
| v. | |
| KAREN CIVIL, in her individual and official capacity as an officer/member of Live Civil, LLC; CHRISTIAN EMILIANO, in his individual and official capacity as an officer/member of Live Civil, LLC; LIVE CIVIL, LLC, a California limited liability company; DOES, 1 through 10, inclusive; KARENCIVIL.COM, a business entity form unknown, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

TuWanna Thompson appeals from the district court's default judgment in her diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 898 (9th Cir. 2006) (denial of attorney's fees); *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1495 (9th Cir. 1995) (damages award). We affirm.

The district court did not abuse its discretion in declining to award Thompson attorney's fees and additional reputational damages because Thompson failed to prove sufficiently her entitlement to the fees and additional damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (explaining that, although upon default the factual allegations of the complaint are taken as true, the amount of damages must be proved); *Travis v. Brand*, 523 P.3d 380, 383 (Cal. 2023) (explaining that, in California, "litigants are ordinarily responsible for paying their own attorney's fees").

The district court did not abuse its discretion in denying in part Thompson's motion for reconsideration because Thompson failed to demonstrate a basis for reconsideration of the attorney's fees decision. *See Sch. Dist. No. 1J, Multnomah County, Or. V. AcandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59(e) and 60(b)).

20-55955

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**